# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| MICHAEL JEROME DOWNS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:17 CV 135 ACL |
| NICOLE GREEN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael Jerome Downs, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and waive the initial partial filing fee. In addition, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a "Detainee Transaction History" form that details his inmate account, and shows that he has a negative account balance. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, plaintiff is not excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not

2

mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff states that he brings this action pursuant to 42 U.S.C. § 1983. He also states he seeks relief under the Americans with Disabilities Act ("ADA") and under Missouri state law for claims of breach of duty, negligence, and intentional infliction of emotional distress. Finally, he challenges the constitutionality of § 221.070 of the Revised Statutes of Missouri. Jail Administrator Nicole Green, Nurse Ashley Green, Sheriff Bob Holder, Second Jail Administrator Jimmy Smith, Doctor Pewitt, and the Dunklin County Justice Center are named as defendants. Plaintiff states that he sues all of the individual defendants in their individual capacities for damages, and in their official capacities for injunctive relief. He states that his claims against Dunklin County Jail are brought pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

According to the complaint, plaintiff cannot walk without pain, and he uses a wheelchair. He claims that, for the first two weeks of his detention, he was housed in a cell that was not ADA compliant, in that it did not have a sink or toilet. Plaintiff also alleges that he was not allowed to shower. He claims the cell had no sink or toilet, he was allowed to shower once or twice, and he

3

could only use the toilet or get water by asking the officers. He also alleges he is presently housed in a cell that is not ADA-compliant in that it lacks bars that plaintiff can use to help him sit on the toilet. Later in the complaint, plaintiff alleges that Nicole Green, Ashley Green, Jimmy Smith, and Dr. Pewitt have all violated the ADA by failing to install ADA-compliant showers and walkways in the pods, and have not given him his wheelchair. He also states that he brings a *Monell* claim against Dunklin County Jail because it has a policy to refuse to install ADA-compliant facilities. Plaintiff also states that he brings a state law claim of breach of duty against Holder, Nicole Green, Ashley Green, and Jimmy Smith for violating the ADA because they had a duty to ensure the jail was ADA-compliant but did not do so. Plaintiff also states he brings state law negligence claims against these same defendants for violating the ADA.

Plaintiff also alleges that the call button in his cell has been disabled and the windows have been covered with brown boards, and that this would make it hard for him to call for help in case of an emergency. Plaintiff alleges he is housed in a cell in the booking area instead of in a pod, that he cannot use the telephone unless he screams and yells for a corrections officer to stop what they are doing and let him use it, and he can only use the kiosk after 10:00 p.m., which is the official recreation time for inmates housed in the booking area. He also alleges he is denied outdoor recreation, and he states that Nicole Green, Ashley Green and Jimmy Smith all violated his Eighth Amendment rights by denying it. He also alleges that Holder is liable in his supervisory capacity because a policy was approved and endorsed by him, and he also alleges that Dunklin County had a policy of denying outdoor recreation to inmates at the jail.

Plaintiff alleges that the jail is overcrowded, which has led to fights, thefts and increased tension. Plaintiff alleges that Nicole Green and Jimmy Smith violated his Eighth Amendment rights by enforcing a policy of overcrowding at the jail in all of the pods, that Holder is liable in

4

his supervisory capacity because he approved and/or endorsed such policy, and that the jail is liable because it had a policy of overcrowding.

Plaintiff alleges that he brings an Equal Protection claim because federal and state inmates at the jail are treated differently. Plaintiff alleges that federal inmates receive larger meal portions, and are not charged certain fees that state inmates are charged. He alleges that Nicole Green, Ashley Green, Jimmy Smith, and Dr. Pewitt all violated his right to Equal Protection by discriminating against him.

Plaintiff also states that he brings a due process challenge and a takings clause challenge to § 221.070 of the Revised Statutes of Missouri, in that it allows county jails to take money from inmate accounts. Plaintiff also states he brings a *Monell* claim against Dunklin County Jail because it has a policy to allow money to be taken from inmate accounts.

Finally, plaintiff states he brings a claim of intentional infliction of emotional distress against all of the individual defendants "because of their actions/inactions as mentioned in the complaint. Plaintiff contends that these defendants intended to inflict extreme emotional distress upon plaintiff, by their actions/inactions and plaintiff suffered as a result." (*Id.* at 9). Plaintiff seeks declaratory, injunctive, and monetary relief.

After filing the complaint, plaintiff filed five separate documents which he apparently intended to supplement the complaint. *See* (Docket Nos. 7-11). While not all of the documents are entirely legible, it is apparent that plaintiff filed them in an effort to add additional claims and defendants to this lawsuit. For example, plaintiff claims that two individuals filed a false police report against him, an individual at the jail pushed him down, his mail was not delivered, that certain individuals need to be charged with conspiracy, and he was mistreated by police.

Plaintiff also complains about infirmities in state court criminal proceedings, and he names several people and asks the Court to indict them.

## Discussion

The complaint is subject to dismissal. In setting forth his claims, plaintiff describes conduct and circumstances he was subjected to that he believes violates the law, and then elsewhere in the complaint, he lists certain defendants and concludes they violated his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff has not adequately alleged facts showing how each defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights.

The complaint also fails to state an actionable *Monell* claim. While plaintiff states in conclusory fashion that policies were responsible for the various constitutional harms he suffered, he alleges no facts describing any specific policy or its relationship to the underlying constitutional violation. Moreover, there are no non-conclusory allegations that any named defendant adopted a clearly identified policy, custom or practice that caused plaintiff's injuries. Plaintiff's vague and conclusory allegations that his injuries were caused by some unidentified unconstitutional policies are insufficient to state actionable *Monell* claims. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his

complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights); *see also Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (to plead an actionable *Monell* claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts").

Plaintiff also engages in an impermissible pleading practice, in that he seeks to bring multiple unrelated claims against not one but six defendants. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

7

Therefore, multiple claims against a single defendant are valid.

Finally, plaintiff cannot amend his complaint via the supplemental documents. First, none of the purported supplements were prepared using a court-provided form, as required by this Court's Local Rule 2.06(A). In addition, the Court does not accept amendments to a complaint through supplements; instead, plaintiff is required to file an amended complaint that fully sets forth his claims. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a fully proposed amendment was not submitted with the motion).

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). If plaintiff wants to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis. In the alternative, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In

separate, numbered paragraphs under that name, plaintiff should: (1) set forth the <u>factual allegations</u> supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[1] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

**Plaintiff is given until December 15, 2017, to file an amended complaint.** Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than December 15, 2017.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank form for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice.**

Dated this 15th day of November, 2017.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE