# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL JEROME DOWNS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-135-ACL |
| NICOLE GREEN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's submission of an amended complaint. For the reasons explained below, the Court will direct the Clerk of Court to effect service upon Nicole Green, Jimmy Smith, and Kyle Simms in their individual capacities, and will dismiss plaintiff's official capacity claims against those defendants. The Court will also dismiss defendants Ashley Green and Dr. Unknown Pewitt from this action.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff, an inmate at the Dunklin County Justice Center, brings this action pursuant to 42 U.S.C. § 1983. He has named five defendants: Jail Administrator Nicole Green, Supervisors Kyle Simms and Jimmy Smith, Dr. Unknown Pewitt, and Nurse Ashley Green. Liberally construed, plaintiff states that he sues all defendants in an official and individual capacity. He seeks unspecified monetary damages, and release from jail.

The amended complaint is somewhat rambling, and much of it is illegible. However, the following allegations are discernible. Plaintiff states that he is disabled, and uses a wheelchair. He alleges that "Nicole Green Jail Amt. Give Jimmy Smith, Ashley Green to put me in a pad cell without toilet sink or mattress or blanket." (Docket No. 14 at 4). Later in the amended complaint, he alleges that Jimmy Smith put him in a padded cell with no toilet or sink and held

him there for 13 days, during which time he did not have the use of his wheelchair, and was given only 3 cups of water per day.

Next, plaintiff alleges that Kyle Simms put him in a restraint chair for a period of two or three days with no food or water, and that he soiled himself. He states that when Simms came to get him, he roughly forced him to walk back to the Pod despite his disability, and pushed him down, causing his head to "split open." *Id.* at 12.

The remainder of the amended complaint contains allegations against individuals identified only as "they." *Id.* at 11-14. For example, plaintiff states that "they will not take me to the doctor," and "they" know they committed wrongdoing and are engaging in a "cover up." *Id.* at 4, 13.

## Discussion

### A.   Defendants Nicole Green, Jimmy Smith, and Kyle Simms

It appears plaintiff was a pretrial detainee at the time in question. Therefore, his claims related to the conditions of his confinement are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County* Jail, 328 F.2d 1026, 1027 (8th Cir. 2003). Plaintiff's Due Process rights were violated if the complained-of jail condition constituted punishment. *Owens,* 328 F.2d at 1027. Conditions of confinement claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted). To prevail, plaintiff must establish an objective element, which asks whether the condition was sufficiently serious to warrant constitutional protection, and a subjective element, which asks whether the defendants acted with a sufficiently culpable state of mind. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). Having liberally construed the amended complaint, the Court concludes, for purposes of initial review, that plaintiff has

sufficiently stated a claim against Nicole Green, Jimmy Smith, and Kyle Simms, in their individual capacities, for violation of his Due Process rights.

Plaintiff alleges that Kyle Simms also roughly forced him to walk back to the Pod despite his disability, and pushed him down, causing his head to split open. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Unlike the Eighth Amendment, the Due Process Clause prohibits any punishment of a pretrial detainee, regardless of whether it is cruel and unusual. *Edwards v. Byrd*, 750 F.3d 728, 732 n. 2 (8th Cir. 2014). Having liberally construed the amended complaint, the Court concludes, for purposes of initial review, that plaintiff has also sufficiently stated an excessive force claim against Kyle Simms in his individual capacity.

However, plaintiff's official capacity claims against Nicole Green, Jimmy Smith and Kyle Simms will be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his official capacity, plaintiff must allege that a policy or custom of the municipality/governmental entity is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). In this case, the amended complaint contains no allegations that a policy or custom of a governmental entity or municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted against Nicole Green, Jimmy Smith, and Kyle Simms in their official capacities.

    **B.**    **Defendants Ashley Green and Dr. Unknown Pewitt**

Plaintiff appears to attempt to allege that his constitutional rights were violated because he was denied medical care, and he names Nurse Ashley Green and Dr. Unknown Pewitt as defendants. However, he fails to allege that either Ashley Green or Dr. Pewitt were causally connected to, and directly responsible for, a denial of medical care or any other constitutional harm. In fact, plaintiff fails to allege that any named defendant was causally connected to, and directly responsible for, a denial of medical care. As was explained to plaintiff in this Court's November 15, 2017 Memorandum and Order, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). The Court concludes that the amended complaint fails to state a claim of denial of medical care or any other claim against defendants Ashley Green and Dr. Unknown Pewitt. These defendants will therefore be dismissed from this action.

**D.     Conspiracy**

It appears plaintiff attempts to allege that the defendants have engaged in a conspiracy to conceal wrongdoing. To plead a § 1983 claim for conspiracy, a plaintiff must allege facts showing that, *inter alia*, that the defendant conspired with others to deprive him of constitutional rights. *Burton v. St. Louis Bd. of Police Com'rs*., 731 F.3d 784, 798 (8th Cir. 2013) (internal citation omitted). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

In this case, the amended complaint contains no factual detail showing that the defendants conspired to deprive him of his constitutional rights, nor does it allege a meeting of the minds among the alleged conspirators. In the absence of such facts, the amended complaint fails to state a claim for conspiracy under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Nicole Green, Jimmy Smith, and Kyle Simms in their individual capacities. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Nicole Green, Jimmy Smith and Kyle Simms shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Nicole Green, Jimmy Smith and Kyle Simms are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendants Ashley Green and Dr. Unknown Pewitt are **DISMISSED** from this action, without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will be entered herewith.

Dated this 19th day of January, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE